# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: Kelvin A. Lashley aka Kelvin Alvin Lashley<br>　　　　　　　　　　Debtor(s) | CHAPTER 13 |
| The Bank of New York Mellon, successor to The Bank of New York, not in its individual capacity but solely as Trustee on behalf of the holders of the CIT Mortgage Loan Trust, 2007-1 Asset-Backed Certificates, Series 2007-1<br>　　　　　　　　　　Movant<br>　　vs.<br>Kelvin A. Lashley aka Kelvin Alvin Lashley<br>　　　　　　　　　　Debtor(s)<br>Alice Lashley<br>　　　　　　　　　　Co-Debtor<br>Kenneth E. West<br>　　　　　　　　　　Trustee | NO. 22-12284 MDC<br><br>11 U.S.C. Sections 362 and 1301 |

## ORDER

AND NOW, this **20th** day of **June**, 2023 at Philadelphia, upon failure of Debtor(s) and the Trustee to file and Answer or otherwise plead, it is:

ORDERED THAT: The Motion for Relief from the Automatic Stay of all proceedings is granted and the Automatic Stay of all proceeding, as provided under Section 362 of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (The Code), 11 U.S.C. Section 362 and the Co-Debtor Stay under Section 1301 of the Bankruptcy Code, is modified with respect to the subject premises located at 4 Donny Brook Way, Collegeville, PA 19426 ("Property), so as to allow Movant, its successors or assignees, to proceed with its rights and remedies under the terms of the subject Mortgage and pursue its in rem State Court remedies including, but not limited to, taking the Property to Sheriff's Sale, in addition to potentially pursuing other loss mitigation alternatives including, but not limited to, a loan modification, short sale or deed-in-lieu of foreclosure. Additionally, any purchaser of the Property at Sheriff's Sale (or purchaser's assignee) may take any legal action for enforcement of its right to possession of the Property.

_Magdeline D. Coleman_

**MAGDELINE D. COLEMAN**
Chief Bankruptcy Judge